**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| MICHELLE MAZZOLA, ET AL, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | CASE NO. 3:25-cv-1433 (OAW) |
| | : | |
| ANTHEM HEALTH PLANS, INC., | : | |
| ET AL, | : | |
| | : | |
| Defendants. | : | |

ORDER GRANTING DEFENDANTS' MOTION TO STAY DISCOVERY

On September 3, 2025 Plaintiffs Michelle Mazzola, Guy Mazzola, Baby Doe, Amec, LLC, and Lisa Kuller (collectively, "Plaintiffs") filed this putative class action against Defendants Anthem Health Plans, Inc., Carelon Behavioral Health, Inc., and Elevance Health, Inc. (collectively, "Defendants"). (Dkt. #1.) In the operative Complaint, Plaintiffs allege that Defendants publish and maintain inaccurate behavioral health provider directories, which mislead, deceive, and harm Plaintiffs. (Dkt. #16-1.) Defendants move to dismiss the Complaint in its entirely. (Dkt. #24.) Now pending before the Court is Defendants' Motion to Stay Discovery pending resolution of the Motion to Dismiss. (Dkt. #25.) The Honorable Omar A. Williams has referred the Motion to Stay to the undersigned. (Dkts. #26, 27.) For the reasons discussed below, Defendants' Motion to Stay Discovery is GRANTED.

I.     BACKGROUND

Plaintiffs Michelle Mazzola, Guy Mazzola, Baby Doe (child of Michelle and Guy Mazzola), Amec[1], and Lisa Kuller all purchased and/or enrolled in Defendant Anthem's health

---

[1] Amec is a Connecticut company which sponsors the Mazzola's Anthem plan. (Dkt. #16-1 ¶ 23.)

insurance plans. (Dkt. #16-1 ¶¶ 19-25.) As part of those plans, Defendant Anthem provides behavioral health services to its members through Defendant Carelon, its sister company.[2] *Id.* ¶ 26. Plaintiffs allege that they enrolled in Defendant Anthem's plans due to representations by Anthem that its behavioral health provider directory was "robust and accurate." *Id.* ¶¶ 73-74, 195-98.

In the Complaint,[3] Plaintiffs allege that Defendants maintain an inaccurate directory of available, in-network behavioral health providers. (Dkt. #16-1 ¶ 1.) These directories are known as "ghost networks." *Id.* Plaintiffs allege that on the ghost networks, "over 70% of doctors listed do not exist, are not actually in-network, do not accept new patients, or have other inaccurate information listed," and that these actions mislead, deceive, defraud, and harm Plaintiffs. *Id.* ¶¶ 4, 5. In particular, Plaintiffs allege that Defendants' ghost networks harm them because they force Plaintiffs to turn to out-of-network providers at significant costs, exacerbate behavioral health problems, and cause delays and/or abandonment of treatment. *Id.* ¶¶ 6-8, 14.

Plaintiffs assert ten causes of action in the Amended Complaint: (i) breach of contract on behalf of individual Plaintiffs and class members enrolled in a non-Employee Retirement Income Security Act of 1974 ("ERISA") plan; (ii) breach of contract on behalf of employer Plaintiffs and class members which provided non-ERISA plans; (iii) breach of the implied covenant of good faith and fair dealing; (iv) violation of the Connecticut Unfair Trade Practices Act ("CUPTA"); (v) fraudulent misrepresentation; (vi) negligent misrepresentation; (vii) unjust enrichment; (viii) improper denial of benefits under ERISA; (ix) breach of fiduciary duty under ERISA; and (x)

---

[2] The third named Defendant, Elevance, is the parent company of Anthem and Carelon. (Dkt. #16-1 ¶ 27.)
[3] On September 3, 2025, Plaintiffs filed their original complaint. (Dkt. #1.) On November 10, 2025, Defendants moved to dismiss the original complaint. (Dkt. #15.) Before the motion to dismiss was resolved, Plaintiffs moved to amend their complaint. (Dkt. #16.) The Honorable Omar A. Williams granted the motion to amend, and denied the first motion to dismiss as moot. (Dkt. #19.) Therefore, the operative pleading here is Plaintiffs' First Amended Complaint. (Dkt. #16-1.)

parity in mental health benefits under ERISA and the Mental Health Parity and Addiction Equity Act ("MHPAEA"). *Id.* ¶¶ 353-453. Plaintiffs seek monetary, equitable, injunctive, and punitive relief, *id.* at 100, on behalf of themselves and a proposed class consisting of Connecticut individuals and employers that purchased or otherwise enrolled in a Defendant Anthem health insurance plan at any time from 2019 to the date of certification, *id.* ¶ 342. Plaintiffs also seek to certify five separate sub-classes. *Id.* ¶ 343.

On January 23, 2026, Defendants moved to dismiss the Complaint in its entirety and moved to stay discovery pending resolution of the motion to dismiss. (Dkts. #24, 25.) Plaintiffs timely opposed the Motion to Stay Discovery, dkt. #35, and it is ripe for consideration.

II.    LEGAL STANDARD

Rule 26 of the Federal Rules of Civil Procedure allows a party to obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). While the scope of discovery under Rule 26(b) is broad, a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including an order "forbidding . . . discovery." Fed. R. Civ. P. 26(c). A party moving to stay discovery bears the burden of demonstrating good cause. *Brown v. Katz*, No. 3:18-CV-279 (VLB), 2018 WL 11486500, at *1 (D. Conn. July 24, 2018). "In determining whether good cause exists for a stay of discovery, three factors are considered: (1) the strength of the dispositive motion; (2) the breadth of the discovery sought; and (3) the prejudice a stay would have on the non-moving party." *Lithgow v. Christopher M. Edelmann, M.D., P.C.*, 247 F.R.D. 61, 62 (D. Conn. 2007). In considering the breadth of discovery sought (the second factor), a court may also consider the burden of responding to the discovery. *Morien v. Munich Reinsurance Am., Inc.*, 270 F.R.D. 65, 67 (D. Conn. 2010).

It is not the Court's general practice to stay discovery when a motion to dismiss is filed. *See, e.g., Rep. of Turk. v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018) ("Discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed.") (internal quotations and citation omitted); *Kollar v. Allstate Ins. Co.*, No. 3:16-CV-1927 (VAB), 2017 WL 10992213, at \*1 (D. Conn. Nov. 6, 2017) ("[T]his Court's regular practice normally requires the parties to commence discovery, even while a motion to dismiss is pending."). Nonetheless, if a showing of good cause is made, "a district court has considerable discretion to stay pursuant to Rule 26(c)." *Brown*, 2018 WL 11486500, at \*1 (internal quotations and citation omitted).

III.   <u>DISCUSSION</u>

Defendants move to stay discovery on the grounds that their Motion to Dismiss presents strong arguments in favor of dismissal of some (if not all) of the claims, that the breadth of discovery is expansive and creates a heavy burden on Defendants, and that Plaintiffs have failed to demonstrate that they will suffer prejudice if a discovery stay is imposed. (Dkt. #25.) Plaintiffs oppose the Motion to Stay, arguing that the law of the case warrants a denial, that the Complaint states meritorious claims, that discovery will not be unduly burdensome (and Defendants are well-equipped to handle it), and that Plaintiffs will suffer prejudice as time passes if discovery is stayed. (Dkt. #35.)

As a preliminary matter, the Court addresses Plaintiffs' "law of the case" argument. Plaintiffs argue that, because Judge Williams previously adopted a scheduling order notwithstanding Defendants' position asserted in the Joint 26(f) Report that discovery should be stayed, the request for a stay has already been rejected and the current request should be denied

4

under the "law of the case" doctrine.[4] (Dkt. #35 at 12-13.) Plaintiffs rely on *McAuley v. Honey Pot Co.*, No. 23-CV-1986 (AT) (JW), 2023 U.S. Dist. LEXIS 199185 (S.D.N.Y. Nov. 3, 2023), to support this argument. (Dkt. #35 at 12-13.) However, as Defendants correctly point out, no motion for a stay of discovery had been filed at the time that Judge Williams issued the scheduling order, dkt. #36 at 5-6, and a court cannot rule on a motion that has not been filed. In *McAuley*, a "request" for a discovery stay was filed as a letter motion on the docket.[5] *Id.* at 6. Unlike *McAuley*, Defendants' "request" to stay discovery was not construed as a motion at the time the scheduling order was issued. The Court declines to adopt Plaintiffs' "law of the case" argument, and turns to the standard three-part discovery stay analysis.

### A. Strength of Defendants' Pending Motion to Dismiss

First, the Court considers the strength of the Motion to Dismiss. (Dkt. #24.) In doing so, the Court takes no position on the outcome of the Motion to Dismiss and does not attempt to predict how Judge Williams will rule on its merits. In assessing the strength of the Motion to Dismiss for purposes of resolving the instant Motion to Stay, the Court "look[s] to see whether there are 'substantial arguments for dismissal,' or, stated differently, whether 'there has been a strong showing that the plaintiff's claim is unmeritorious.'" *Stanley Works lsr. Ltd. v. 500 Grp., Inc.*, No. 3:17-CV-1765 (CSH), 2018 WL 1960112, at *3 (D. Conn. April 26, 2018) (quoting *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013)); *see also Richardson v. City of New York*, No. 21-CV-5080 (PAE) (KHP), 2022 U.S. Dist. LEXIS

---

[4] The "law of the case" doctrine instructs that "when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages." *De Johnson v. Holder*, 564 F.3d 95, 99 (2d Cir. 2009) (internal quotations and citation omitted).

[5] At the request of Defendants, the Court takes judicial notice of the motion and ruling at S.D.N.Y. No. 1:23-cv-1986, ECF Nos. 16, 17. *Kavowras v. N.Y. Times Co.*, 328 F.3d 50, 57 (2d Cir. 2003) ("Judicial notice may be taken of public filings.")

102899, at *4 (S.D.N.Y. June 6, 2022) ("If the underlying motion is 'not unfounded in the law,' this weighs in favor of a stay.") (citation omitted).

The Court has reviewed the briefs submitted in connection with Defendants' Motion to Dismiss. (Dkts. #24, 37, 38.) Defendants' Motion to Dismiss is lengthy and raises substantial arguments in favor of dismissal, including issues related to personal jurisdiction, ERISA preemption, standing, exhaustion of administrative remedies, and various other potential pleading deficiencies. (Dkt. #24-1.) Plaintiffs filed a response challenging dismissal on all grounds, underscoring the complexity of the issues being litigated in the Motion to Dismiss. (Dkt. #37.) While the Court finds that all parties advance well-articulated arguments supported by caselaw within this Circuit, "the viability of the Plaintiffs' claims is in at least some doubt pending the resolution" of the Motion to Dismiss. *Spinelli v. NFL*, No. 13 Civ. 7398 (RWS), 2015 U.S. Dist. LEXIS 155816, at *6 (S.D.N.Y. Nov. 17, 2025). Considering that Defendants' underlying Motion to Dismiss raises potentially meritorious grounds for dismissal of Plaintiffs' Complaint, and that resolution of the Motion to Dismiss in favor of the Defendants may dispose of all claims, this factor weighs slightly in favor of a discovery stay.[6]

### B. Breadth of Discovery Sought and Burden of Responding

Next, the Court considers the breadth of the discovery sought and the burden of responding to it. Defendants argue in their Motion to Stay that permitting discovery to proceed while the Motion to Dismiss is pending would be unduly burdensome because the scope of discovery in this

---

[6] To be clear on this point, the Court is not opining on the potential resolution of Defendants' Motion to Dismiss. Judge Williams has referred the Motion to Stay to the undersigned, but the Motion to Dismiss is not referred to the undersigned. (Dkt. #27.) Therefore, the Court's analysis of the Motion to Dismiss for the purposes of resolving *this* Motion to Stay is narrowly focused on whether Defendants raise "substantial arguments" in favor of dismissal and whether or not those arguments are founded in law. While the Court answers those inquiries in the affirmative, it does not attempt to predict which way Judge Williams will rule in resolving the merits of the Motion to Dismiss.

putative class action is extensive and complex. *See, e.g.*, dkt. #25 at 8 (noting that discovery will likely necessitate third-party discovery and implicate "substantial HIPAA-protected health information and proprietary business information."); *see also id.* at 9 ("Class allegations and multiple subclasses amplify the burden and complexity of discovery and class-certification motion practice."). Indeed, Plaintiffs have already served Defendant with discovery requests seeking a wide range of materials related to Defendant Anthem's health insurance plans over a seven-plus-year period. (Dkt. #25 at 6-7; *see also* dkt. #25-2 at 7-9.) In opposition, Plaintiffs argue that discovery will not be unduly burdensome because its requests are tailored to the case and Plaintiffs urge that the parties can meet and confer to further narrow the scope of discovery. (Dkt. #35 at 19-20.)

The Court agrees with Defendants' position that the breadth of pre-certification discovery creates an unnecessary burden. Plaintiffs seek certification of a class consisting of similarly situated individuals over the past seven years, plus five separate sub-classes. (Dkt. #16-1 ¶¶ 342-43.) Those proposed sub-classes depend, among other things, on whether the putative class members participated in an ERISA or non-ERISA plan, and whether they paid for out-of-network care. *Id.* ¶ 342. In *Sharma v. Open Door NY Home Care Servs.*, the United States District Court for the Southern District of New York found that "[p]ermitting class and collective-based discovery" in a matter where plaintiff sought certification of a class consisting of similarly situated individuals for the past three to six years would "create an unnecessary burden should [d]efendant's motion to dismiss be resolved in its favor." *Sharma v. Open Door NY Home Care Servs.*, 345 F.R.D. 565, 569 (S.D.N.Y. 2024); *see also Depaul v. Kimberly-Clark Corp.*, No. 3:24-CV-271 (KAD), 2025 U.S. Dist. LEXIS 151911, at *7-*8 (D. Conn. Aug. 7, 2025) (finding an unreasonable burden existed where plaintiffs sought certification of two separate classes because

7

discovery was "likely to be both significant and time-consuming"). Given the breadth of discovery sought in this putative class action, the Court finds that this factor weighs in favor of a discovery stay.

### C.  Prejudice to Plaintiffs If a Stay Were Granted

Finally, the Court considers the prejudice that the non-moving party would face if a stay is granted. As noted herein, Plaintiffs are seeking to certify a class consisting of enrollees in Defendant Anthem's health insurance plans at any point from 2019 to the present. (Dkt. #16-1 ¶¶ 342-43.) Plaintiffs argue that they will suffer acute prejudice if a stay is granted because it "will make it more likely that the employees responsible for those plans and communications will have moved on and thus become outside the control of Defendants." (Dkt. #35 at 20.) In their reply brief, Defendants argue that this concern is too speculative and does not establish any actual or imminent risk of loss of evidence. (Dkt. #36 at 14.) While Plaintiffs' point is well-taken, the Court agrees with Defendants that the risk of prejudice is too speculative to weigh in favor of a stay.

To the extent that Plaintiffs' argument is founded in the general notion that the passage of time will create prejudice, it is well-settled that delay "cannot itself constitute prejudice sufficient to defeat a motion to stay discovery." *O'Sullivan v. Deutsche Bank AG*, No. 17 Civ. 8709 (LTS) (GWG), 2018 WL 1989585, at *9 (S.D.N.Y. April 26, 2018). Additionally, the potential risk that employees will have "moved on" from Defendants' control as time passes is an ordinary risk of litigation. *Cf. In re Term Commodities Cotton Futures Litig.*, No. 12 Civ. 5126 (ALC) (KNF), 2013 U.S. Dist. LEXIS 65797, at *23 (S.D.N.Y. May 8, 2013) (finding that "plaintiffs' assertions that (1) witnesses' memories fade with the passage of time; and (2) the potential exists for relevant documents to be destroyed by non-parties, are the usual litigation risks that affect all the parties equally"). And as explained by the court in *O'Sullivan*, an "ordinary risk of litigation does not

8

constitute sufficient prejudice to warrant denying a stay of discovery, particularly in light of the burden that such discovery might pose on the third parties and the strength of the defendants' motion." *O'Sullivan*, 2018 WL 1989585, at *9.

Plaintiffs cite *Morien*, 270 F.R.D. at 68, to support the proposition that a discovery stay would severely prejudice an ERISA employee. (Dkt. #35 at 20.) However, in *Morien*, the scope of discovery at issue in the request to stay was narrowly tailored to one deposition. 270 F.R.D. at 66. In denying the request to stay the deposition, the Honorable Thomas P. Smith emphasized that the deposition testimony was "crucial" to the plaintiff's ability to survive summary judgment. *Id.* at 68. By contrast, Plaintiffs here have failed to demonstrate actual prejudice (or risk thereof) that would result if a stay of discovery is granted at this juncture. The Court therefore finds that this factor weighs in favor of a stay of discovery.

In sum, given the strength of Defendants' Motion to Dismiss, the potential burden of producing discovery, and the lack of evidence that Plaintiff will be unduly prejudiced by a stay, the Court finds that there is good cause for a stay of discovery pending a decision on Defendants' Motion to Dismiss. However, if the Motion to Dismiss is not resolved on or before October 16, 2026, the Court will allow Plaintiffs an opportunity to move to lift the stay. Plaintiffs may only do so if circumstances arise altering its position on the strength of the underlying Motion to Dismiss, burden of discovery, and/or prejudice.[7]

IV.    CONCLUSION

Defendant's Motion to Stay Discovery, dkt. #25, is GRANTED. This is not a Recommended Ruling.  This is a discovery ruling or order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a);

---

[7] Unless there is supplemental briefing on the Motion to Dismiss or other circumstances affecting its merits, the Court does not anticipate its position changing as to this factor.

and D. Conn. L. R. 72.2. As such, it is an order of the Court unless reversed or modified by a district judge upon motion timely made.

        IT IS SO ORDERED this **17th day of April, 2026** at Hartford, Connecticut.

                                            _____/s/_____

                                            Hon. Robert Richardson
                                            United States Magistrate Judge